UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND E. DODD,                          :
                                          :
            Petitioner                    :
                                          :
      v.                                  :   CIVIL NO. 3:CV-05-1802
                                          :
JOSEPH V. SMITH,                          :   (Judge Kosik)
                                          :
            Respondent                    :


**M E M O R A N D U M**

**I.      Introduction**

        Raymond E. Dodd, an inmate currently confined at the United States Penitentiary at

Lewisburg (USP- Lewisburg), Pennsylvania, filed this action labeled as a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 on September 6, 2005.  Named as respondent is

Joseph V. Smith, warden at U.S.P. Lewisburg.  Along with his petition, he has also filed a

motion seeking leave to proceed in forma pauperis in this matter.  (Doc. 2.)  For the reasons

that follow, the motion to proceed in forma pauperis will be granted for the sole purpose of filing

this action, but the petition will be dismissed without prejudice to any right Dodd may have to

reassert his claims in a properly filed civil rights complaint.

**II.     Background**

        In the instant petition Dodd challenges neither the legality of his underlying criminal

conviction nor the resulting sentence he received.  Rather, he seeks federal habeas corpus

relief with respect to a USP-Lewisburg disciplinary proceeding.  He states that he received an incident report (#1306063) on an unspecified date charging him with stealing (Offense Code 219) and being out of bounds (Offense Code 316).  Following a disciplinary hearing he was sentenced on February 1, 2005, to 30 days disciplinary segregation, 90 days loss of commissary privileges and a recommended transfer on the Code 219 violation, and 15 consecutive days of disciplinary segregation, 90 days loss of telephone and 90 days loss of visiting privileges on the Code 316 violation.[1]  In addition to the above sanction, Dodd was also to be placed on one year administrative segregation to participate in an administrative program following the disciplinary segregation.  Dodd states that he thereafter fully exhausted his appeals with regard to the finding of guilt and resulting sanctions but was unsuccessful.

In the instant petition, Dodd raises several claims.  He contends that his placement in administrative segregation for one year was done in retaliation by Warden Smith.  He also claims that the disciplinary sanction he received subjected him to double jeopardy.  He further challenges the conditions of his confinement in the administrative segregation where he was placed following the disciplinary segregation, and contends he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment.  He further claims that his placement in administrative segregation violated due process because it occurred without a hearing.[2]

---

[1]  Thus, Dodd received a total sanction of 45 days of disciplinary custody to be followed by one year in administrative custody to complete a program.

[2]  This claim clearly is without merit in that Dodd himself admits that the placement in administrative segregation was part of the sanction received following his disciplinary hearing.

2

III.   **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by th Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined frm the petition itself. . . ."  Allen v. Perini, 424 F.2d 134, 141 (4th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that Dodd does not seek speedier or immediate release from custody nor does he challenge the legality of his present incarceration. Rather, based on the grounds asserted in the petition, he challenges the conditions of his confinement as well as the sanctions imposed in the disciplinary proceeding - - sanctions which did not result in the forfeiture of good time credits and which did not extend the length of Dodd's incarceration. As such, his present claims are not properly before the court in a habeas corpus petition.

Dodd's claims relate to the disciplinary hearing which was conducted. In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the inmates were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court recognized that such inmates have various procedural due process in protections in prison disciplinary hearings. Thereafter, in Sandin v. Conner, 515 U.S. 472, 480-84 (1995), the Supreme Court clarified that the Wolff due process protections must be provided only if the challenged disciplinary proceeding resulted in a loss of good time credits. There is no indication in the instant case that Dodd's disciplinary hearing resulted in the loss of good time credits or otherwise extended the length of his confinement. As such, the petition fails to assert that the finding of guilt adversely affected the fact or duration of his incarceration. See Hall v. Dodrill, Civil No. 4:CV-03-1021, slip op. (M.D. Pa. July 10, 2003) (Conaboy, J.) and Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 997)(McClure, J.) (Alleged improper placement in administrative confinement is not a basis for relief under § 2241).

To the extent Dodd seeks to raise a double jeopardy claim, his claim is also without merit.  He appears to contend that the institutional sanctions he received as a result of his prison misconduct charges subjected him to double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment.[3]  The Clause serves the function of preventing both "successive punishments and successive prosecutions."  United States v. Usery, 111 S.Ct. 2135, 2139 (1996).  It "prohibits the government from punishing twice or attempting a second time to punish criminally for the same offense."  Id. at 2139-40; see also, United States v. Rice, 109 F.3d 151, 153 (3d Cir. 1997).

Clearly, the sanctions imposed as a result of the disciplinary proceedings are not a second punishment for the underlying criminal activity for which Dodd presently is confined.  Further, prison disciplinary proceedings are not criminal prosecutions. See Wolff, 418 U.S. at 556.  Rather, Dodd was subjected to a prison misconduct hearing for the incident report he received, and the sanctions imposed were a result of this sole disciplinary hearing.  Clearly, Dodd does not state a viable double jeopardy claim.  To the extent he attempts to argue that the administrative segregation which was ordered to follow the disciplinary segregation is double jeopardy, his claims is also without merit.  The subsequent participation in the administrative program was part of the sanction imposed as a result of the finding of guilt on the two charges.  Also important is the fact that none of the sanctions imposed lengthened the sentence Dodd presently serves.

---

[3]  The Double Jeopardy Clause provides, "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

Consequently, the petition will be denied without prejudice to any right Dodd may have to reassert his present claims challenging his conditions of confinement in administrative detention and retaliation in a properly filed civil rights complaint.[4]

An appropriate Order is attached.

---

[4] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Dodd may file based upon the facts asserted herein.  Further, the Clerk of Court will be directed to forward to Dodd two (2) copies of the court's form § 1331 civil rights complaint along with copies of the in forma pauperis and authorization forms.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND E. DODD,                          :
                                          :
              Petitioner                  :
                                          :
       v.                                 :      CIVIL NO. 3:CV-05-1802
                                          :
JOSEPH V. SMITH,                          :      (Judge Kosik)
                                          :
              Respondent                  :

## O R D E R

**NOW, THIS 14th DAY OF SEPTEMBER, 2005,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The motion to proceed in forma pauperis (Doc. 2) is granted for the sole
       purpose of filing this action.

2.     The petition for writ of habeas corpus is dismissed without prejudice.

3.     Petitioner, if he so chooses, may reassert his present claims in a properly filed
       civil rights action.

4.     The Clerk of Court is directed to forward to petitioner two (2) copies of this
       court's form civil rights complaint as well as in forma pauperis and authorization
       forms.

5.     The Clerk of Court is directed to close this case.


                                 s/Edwin M. Kosik
                          United States District Judge